IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA GABRIEL, an individual,

       Plaintiff,

    v.

BROADSPIRE SERVICES, INC., a Delaware
Corporation; and CRAWFORD &
COMPANY, INC., a Georgia Corporation,

       Defendants.

Case No. 3:19-cv-02012-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiff Laura Gabriel ("Gabriel") filed this action against Broadspire Services, Inc.

("Broadspire") and Crawford & Company, Inc. (together, "Defendants"), alleging that

Defendants violated Or. Rev. Stat. § 654.062 ("ORS § 654.062") (the Oregon Safe Employment

Act ("OSEA")), and Or. Rev. Stat. § 659A.199 ("ORS § 659A.199") (whistleblower retaliation),

when they terminated her after she cooperated with an investigation into Defendants' safety

PAGE 1 – OPINION & ORDER

practices. Before this Court is Defendants' motion to dismiss pursuant to FED. R. CIV. P.

12(b)(6). (ECF No. 6.) The Court has jurisdiction over this matter under 28 U.S.C. § 1332, and

all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. §

636. For the reasons that follow, the Court grants in part and denies in part Defendants' motion

to dismiss.

## BACKGROUND[1]

Defendants hired Gabriel, a registered nurse with twenty-five years of experience, in

2013 as an area manager for the Western Region of Broadspire. (Compl. ¶¶ 7-9.) In 2015,

Gabriel was promoted to Registered Nurse, Assistant Vice President, for the Western Region.

(Comp. ¶ 7.) Gabriel coordinated and managed approximately 165 personnel for Defendants in

twenty-two states. (Compl. ¶ 10.) Gabriel remained in this position, receiving excellent

performance reviews each year (the last in January 2019), and she was nominated for a national

case manager award in 2018. (Compl. ¶ 11.) Defendants terminated her on August 26, 2019.

(Compl. ¶ 7.)

Gabriel became aware in 2019 that Defendants were not providing their employees with

appropriate personal protective equipment ("PPE"), and that Defendants had "failed to conduct

mandatory safety procedures as required by Washington state law." (Compl. ¶ 12.) In May 2019,

Gabriel's colleague reported Defendants' conduct to the U.S. Department of Labor's

Occupational Safety and Health Administration ("OSHA"), listing Gabriel as a witness to

Defendants' alleged misconduct. (Compl. ¶¶ 13-14.) Shortly after, Washington's Department of

---

[1] The Court takes the following facts from Gabriel's complaint and assumes they are true for the present motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (explaining that a district court "ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint'") (citation omitted).

Labor and Industry ("Washington L&I") began an investigation into Defendants' safety practices. (Compl. ¶ 15.)

In early August 2019, one of Defendants' compliance directors, Glenn Morrison ("Morrison"), sent an email to employees to notify them that an investigator may contact them, and in a subsequent email Morrison scheduled a conference call with employees to discuss the investigation. (Compl. ¶ 16.) Morrison included Gabriel in his first email about the call, but not the second email providing the conference call information. (*Id.*) When Gabriel joined the conference call, Morrison told her that she was not allowed to participate because she is a manager, and that she must leave the call. (Compl. ¶ 17.) Gabriel alleges that by speaking with the employees about the investigation before their interviews and without her involvement, Morrison "was attempting to subvert the investigation and prevent employees from giving full testimony regarding [Defendants'] safety violations." (Compl. ¶ 16.)

Subsequent to the Morrison call in early August 2019, Gabriel provided information to the Washington L&I investigator regarding Defendants' safety practices. (Compl. ¶ 18.) On August 26, 2019, Defendants terminated Gabriel's employment. (Compl. ¶ 19.)

## ANALYSIS

### I.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## II.    DISCUSSION

### A.    Oregon Safe Employment Act (First Claim for Relief)

Defendants move to dismiss Gabriel's OSEA retaliation claim, on the ground that Gabriel has failed adequately to plead that she engaged in protected activity, that her protected activity related to OSEA, or that her protected activity resulted in an adverse employment action. (Mot. to Dismiss at 4.)

#### 1.    Protected Activity

The OSEA prohibits employers from retaliating against an employee who has engaged in certain protected activities relating to occupational health and safety:

> It is an unlawful employment practice for any person to bar or discharge from employment or otherwise discriminate against any employee or prospective employee because the employee or prospective employee has (a) *Opposed any practice* forbidden by ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780; (b) *Made any complaint or instituted or caused to be instituted any proceeding* under or related to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780, or has *testified or is about to testify in any such proceeding* . . . .

ORS § 654.062(5) (emphasis added). Defendants argue that Gabriel fails to allege that she opposed any practices, made a complaint, or caused a proceeding to occur as required by the statute (Mot. to Dismiss at 4), but the statute also clearly protects an employee who "has testified or is about to testify" in any proceeding relating to OSEA violations. ORS § 654.062(5). Here, Gabriel alleges that she cooperated with the Washington L&I investigation, was listed as a witness in the investigation, and provided information about Defendants' safety practices to investigators. As such, Gabriel has adequately pled that she testified or was about to testify in a proceeding. *See White v. Twin Falls Cty.*, No. 1:14-CV-00102-EJL-REB, 2016 WL 1275594, at

*10 (D. Idaho Mar. 31, 2016) (denying the employer's motion for summary judgment where a reasonable fact finder could find that "being listed as a witness" in a complaint to a governmental agency is a protected activity); *cf. Bowen v. M. Caratan, Inc.*, 142 F. Supp. 3d 1007, 1022 (E.D. Cal. 2015) (denying the employer's motion for summary judgment because the plaintiff's name on a Department of Labor list of witnesses for an audit qualified as a "protected activity" under the Fair Labor Standards Act, which similarly protects employees who "testify or are about to testify" against their employer in any proceeding, and noting that "[f]inding that the plain language of the statute provides protections to witnesses identified in the investigat[iv]e phase comports with the purpose of the statute, which was to allow information to flow from employee-witnesses to the regulatory body without economic repercussions to the employees for participating" (citing *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292-93 (1960))).

### 2. Relating to OSEA Violations

Defendants also argue that Gabriel fails to state a claim because Gabriel does not allege that the Washington L&I investigation was related to alleged violations of the OSEA. (Mot. to Dismiss at 3.) The Court agrees.

In *Anderson v. Evergreen Int'l Aviation, Inc.*, 131 Or. App. 726 (1994), the Court of Appeals held that "[t]he OSEA, by its terms, is limited to the maintenance of safe working conditions in Oregon[,]" that "[t]he 'whistleblower' protections of ORS 654.062(5)(a) are, necessarily, congruent with the OSEA's general territorial scope" and "[c]onsequently, an employee who opposes a practice which would otherwise be forbidden by the OSEA, but which occurs at a place of employment outside of Oregon, has no statutory remedy under ORS 654.062(5)(a)." *Anderson*, 131 Or. App. at 736; *see also Butler v. State, Dep't of Corrs.*, 138 Or. App. 190, 201 (1995) (holding that to trigger OSEA protection, an employee's report of unsafe

practices must "'relate' to the Oregon Safe Employment Act[,]" and noting that "the Act is intended to 'assure as far as possible safe and healthful working conditions for every working man and woman *in Oregon*.'" (emphasis added) (quoting ORS § 654.003)).

Similarly, in *Reid v. Evergreen Aviation Ground Logistics Enter., Inc.*, No. 07-1641-AC, 2009 WL 136019 (D. Or. Jan. 20, 2009), this Court held that "[t]he OSEA does not protect [the plaintiff's] conduct opposing safety and health hazards outside of Oregon." *Reid*, 2009 WL 136019, at *14 (citing *Anderson*, 131 Or. App. at 736).

Gabriel alleges that she managed personnel in twenty-two states (Compl. ¶ 10), that she became aware in 2019 that Defendants were not providing employees with appropriate PPE and "failed to conduct other mandatory safety procedures as required by Washington State law" (Compl. ¶ 12), that a colleague reported Defendants to OSHA (Compl. ¶ 13), and that Washington L&I investigated the allegations (Compl. ¶ 15). It appears from Gabriel's allegations, as currently pled, that Washington L&I was investigating only occupational health and safety practices in Washington, not Oregon. In light of the clear guidance in *Anderson* and *Reid* that the OSEA does not protect whistleblowing about safety and health hazards outside of Oregon, Gabriel has failed to state a claim for retaliation under ORS § 654.062(5).[2]

### 3.    Causation

Finally, Defendants argue that Gabriel has not pled any plausible connection between her participation in the investigation and her termination. (Reply at 2.) Defendants are correct that Gabriel must plead causation to state a claim under ORS § 654.062. *See Ossanna v. Nike, Inc.*,

---

[2] If Gabriel has a factual basis to amend her claim to allege that Washington L&I's investigation also extended to Defendants' occupational health and safety practices in Oregon, she could state a retaliation claim under ORS § 654.062. In other words, the problem is not that Washington L&I conducted the investigation, but that Gabriel has not alleged that Washington L&I's investigation arose under or related to the OSEA.

290 Or. App 16, 27 (2018) (holding that "[the plaintiff] was required to establish a causal link between his complaints about safety or the violation of a law . . . and defendant's adverse employment actions"). Gabriel has adequately pled causation here.

Gabriel generally alleges that "[a]s a result of her participation and attempted participation in the L&I investigation, Ms. Gabriel's supervisors . . . decided that she could not be trusted to participate in the companies' covering up of its unlawful conduct" and therefore "terminated Ms. Gabriel's employment because of her participation in the L&I investigation." (Compl. ¶ 19.) In support, Gabriel alleges that her termination in late August 2019 followed her protected activity earlier in August 2019. That timing is sufficient to satisfy the causation element of a retaliation claim at the pleading stage. *See Meyer v. State by and through Or. Lottery*, 292 Or. App. 647, 683 (2018) ("Reviewing the case law, we conclude that the gap of one to two months between the claimed protected activity and the subsequent adverse action in this case is sufficient to raise an issue of fact on causation."); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 505 (9th Cir. 1989) (holding that a reasonable juror could infer causation where the plaintiff was terminated fifty-nine days after engaging in protected activity); *Cantwell v. Peacehealth*, No. 6:17-cv-01385-MK, 2019 WL 7708892, at *5 (D. Or. Nov. 25, 2019) (finding that "[t]erminating an employee 'slightly more than two weeks' after protected conduct is enough to raise the inference of causation" (quoting *Neighborn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1104 (D. Or. 2012))).

Although Gabriel adequately pleads that she testified or was scheduled to testify in a proceeding relating to Defendants' safety practices, and that Defendants terminated her within a few weeks of her participation in the proceeding, she has failed to allege that the proceeding was

under or related to the OSEA. Accordingly, the Court dismisses, with leave to amend, Gabriel's OSEA claim.

### B.      Whistleblower Retaliation (Second Claim for Relief)

Gabriel also alleges that Defendants engaged in whistleblower retaliation in violation of ORS § 659A.199. Defendants move for dismissal, arguing that Gabriel has failed to allege that she "reported" that Defendants were violating the law, or that Defendants were aware of her alleged whistleblowing activity. (Mot. to Dismiss at 5-6.)

Oregon's whistleblower retaliation statute provides that an employer may not "retaliate against an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." ORS § 659A.199. "To establish a prima facie case of retaliation under ORS § 659A.199, the plaintiff must demonstrate that (1) [s]he was engaged in a protected activity; (2) [s]he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." *Brunozzi v. Cable Comm'ns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017).

Gabriel pleads that she was aware that Defendants were violating the law by failing to provide employees with appropriate PPE and failing to conduct mandatory safety procedures required by law, and that she reported her information about Defendants' safety practices to the Washington L&I investigator. *See* Compl. ¶ 12 (alleging that Gabriel was aware that Defendants "failed to provide [their] employees with appropriate [PPE] and failed to conduct other mandatory safety procedures as required by Washington State law"); Compl. ¶ 18 (alleging that Gabriel "provided information as requested by the L&I investigator regarding [Defendants']

safety practices"). Gabriel has sufficiently pled that she believed Defendants were violating the law and she reported her information about Defendants' safety practices to investigators.

Defendants also argue that Gabriel has not adequately alleged Defendants were aware of her participation in the investigation. (Mot. to Dismiss at 6.) The Court disagrees, in light of Gabriel's allegation that Morrison asked her to leave a call about the investigation (Compl. ¶ 17), and her allegation that Defendants terminated her just a few weeks after she spoke with investigators (Compl. ¶ 19). Construing these facts in the light most favorable to Gabriel, Gabriel has adequately pled that Defendants were aware of her whistleblowing activity. *See Poland v. Chertoff*, 494 F.3d 1174, 1180 n.2 (9th Cir. 2007) ("At the prima facie stage of a retaliation case, '[t]he causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" (citation omitted)); *Dameworth v. Linn-Benton Cmty. Coll.*, No. 07–6162, 2007 WL 2816216, at *6 (D. Or. Sept. 27, 2007) (noting that "'[e]ssential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity[,]'" and holding that "[b]ecause the [alleged adverse action] occurred shortly after plaintiff filed her sex discrimination complain[t] with human resources, I find that the causal link is also satisfied in plaintiff's prima facie case" (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982))). Accordingly, the Court denies Defendants' motion to dismiss Gabriel's whistleblowing retaliation claim.

///

///

///

///

///

## CONCLUSION

For the reasons stated, the Court grants in part and denies in part Defendants' motion to dismiss (ECF No. 6), and dismisses Gabriel's OSEA claim with leave to file an amended complaint within fourteen days if she is able to cure the pleading deficiency identified herein. If Gabriel elects not to file an amended complaint, this case will proceed on her whistleblower retaliation claim only.

**IT IS SO ORDERED.**

DATED this 10th day of June, 2020.

_____
Hon. Stacie F. Beckerman
United States Magistrate Judge